UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:09-cr-00362-WBS-EFB P |
|---|---|
| Respondent, | |
| vs. | ORDER |
| SUE VUE, | |
| Movant. | |

On October 8, 2010, Sue Vue ('movant') was sentenced to 120 months on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). ECF Nos. 14, 57, & 80. In its sentencing guidelines calculation, the court found that Vue's criminal history included one previous felony conviction for a 'crime of violence;' i.e., a 2001 conviction for assault with a "deadly weapon or instrument other than a firearm" pursuant to Cal. Penal Code § 245(a)(1). ECF Nos. 92 at 10-11; 96 at 6. This finding resulted in a Base Offense Level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). ECF No. 92 at 10. In his motion pursuant to 28 U.S.C. § 2255, Vue challenges the use of that conviction, arguing that it no longer counts as a 'crime of violence' because the residual clause of U.S.S.G. § 4B1.2 – the section that defines the term 'crime of violence' for U.S.S.G. § 2K2.1 – is invalidated by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

/////

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was void for vagueness. *Id*. at 2557. That clause, whose language is identical to the residual clause at § 4B1.2(a)(2), states that a 'crime of violence' is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Vue contends that, given the identical language shared by these clauses, the invalidation of one necessitates the invalidation of the other. It appears, however, that this argument has been foreclosed by a subsequent ruling of the Supreme Court.

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, ___ S. Ct.___, 2017 U.S. LEXIS 1572 (March 6, 2017), wherein it explicitly held that the vagueness holding in *Johnson* did not extend to the residual clause in §4B1.2(a). Accordingly, it is unclear how this motion can proceed. The court will, however, afford Vue an opportunity to address *Beckles* and its application to this case. Within seven days of this order's entry, Vue shall file a response indicating whether he intends to pursue this motion further. If he responds in the affirmative, this court will enter a schedule for supplemental briefing for the parties to fully address the effect of *Beckles* on this case.

DATED: April 27, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE